IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 2, 2018

## STATE OF TENNESSEE v. WILLIE JERMAINE CUNNINGHAM

**Appeal from the Criminal Court for Shelby County
No. 97-01278, 97-01279     Glenn Ivy Wright, Judge**

_____

### No. W2017-01134-CCA-R3-CD
_____

Defendant, Willie Jermaine Cunningham, appeals from the dismissal of several attempts to receive relief from an "illegal sentence" under Tennessee Rule of Criminal Procedure 36.1. Because Defendant has failed to state a colorable claim for relief, we affirm the dismissal of the motion for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Lance R. Chism (on appeal) and Sean Muizers (at hearing), Memphis, Tennessee, for the appellant, Willie Jermaine Cunningham.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone and Austin Scofield, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

Over two decades ago, Defendant robbed and kidnapped a female victim in a Shelby County store parking lot. *See State v. Willie J. Cunningham*, No. 02C01-9801-CR-00022, 1999 WL 395415, at *1 (Tenn. Crim. App. June 15, 1999), *no perm. app. filed*. As a result of the convictions, Defendant was sentenced to ten years for aggravated robbery and twenty years for especially aggravated kidnapping. *Id.* The trial court ordered the sentences to run consecutively on the basis that Defendant was a dangerous offender. *Id.* at *1, *5.

Defendant appealed, arguing in part that his consecutive sentence were improper. This Court disagreed, noting that Defendant's actions of repeatedly threatening the victim's life and pointing a gun at the victim's head on multiple occasions evinced "little or no regard for human life" and a lack of "hesitation about committing a crime in which the risk to human life was high." *Id.* at *5. This Court also found that both factors in *State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995), applied. The Court commented that consecutive sentences were "necessary in order to protect the public from further misconduct," based on Defendant's "criminal history and his lack of concern for the life of his victim." *Id.* at *6. Ultimately, this Court concluded that the thirty-year sentence was reasonably related to the severity of the offenses. *Id.*

In 2010, Defendant unsuccessfully sought habeas corpus relief. *See Willie J. Cunningham v. State*, No. W2010-00214-CCA-R3-HC, 2010 WL 4215147, at *1 (Tenn. Crim. App. Oct. 25, 2010), *no perm. app. filed*. Unsatisfied, Defendant filed a pro se motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 in November of 2015. In the motion, Defendant claimed that the trial court abused its discretion by imposing consecutive sentences without making the required finding of the *Wilkerson* factors. Counsel was appointed and a short hearing was held in July of 2015. The trial court determined that there was no "good faith basis [to determine] that his sentence would be illegal." The trial court acknowledged this Court's affirmance of Defendant's sentence on direct appeal and was unaware of any change in sentencing law that would render Defendant's sentence illegal. As a result, the trial court dismissed the motion.

Defendant filed a second motion for relief under Rule 36.1 in April of 2016. The second motion merely recounted the issues presented in Defendant's 2015 motion. The trial court recognized the duplicitous nature of the second motion and promptly dismissed it for failing to state a colorable claim.

Defendant filed an untimely notice of appeal and accompanying motion in which he asked this Court to waive the timely filing of the notice of appeal based on trial counsel's failure to inform Defendant that the trial court denied the second motion for relief under Rule 36.1. This Court granted the waiver of the timely filing of the notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court improperly dismissed the motion for relief under Rule 36.1 while conceding that "Rule 36.1 is not the proper avenue for

attacking a trial court's methodology in imposing a sentence." Defendant asks this Court to make a "change in the law." We pitilessly decline to do so.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Defendant has failed to establish a fatal error that would entitle him to the relief he seeks. Any issue Defendant had with sentencing disparity should have been, and in this case was, raised on direct appeal. *See State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001) (explaining that although "[o]ur sentencing act is designed to eliminate unjustified disparity in sentencing and provide for consistent treatment of defendants," "each defendant must be viewed individually with regard to the enhancing and mitigating factors applicable to that defendant."). Defendant has presented an appealable error, rather than a fatal error. Additionally, Defendant is essentially attempting to relitigate the issues he presented on direct appeal. "Rule 36.1 may not be used to relitigate those issues that have been previously determined." *State v. Ricky Flamingo Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016). Defendant's remaining request, for this Court to somehow change the law with respect to the availability to expand the application of 36.1, is not well-taken. This Court cannot and will not substitute its own policy judgments for those of the legislature. *Frazier v. State*, 495 S.W.3d 246, 249 (Tenn. 2016).

Based on the foregoing, we affirm the denial of relief under Rule 36.1.


_____

TIMOTHY L. EASTER, JUDGE